MARK W. ROBERTSON (S.B. #200220)
mrobertson@omm.com
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

KELLY WOOD (S.B. #267518)
kwood@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660
Telephone: (949) 823 6900
Facsimile: (949) 823 6994

Attorneys for Defendants
American Airlines Group, Inc., American
Airlines, Inc., and Tim McMahan

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTE BECKMAN, an individual, and LEEANNE HANSEN, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN AIRLINES GROUP, INC., a Delaware corporation, AMERICAN AIRLINES, INC., a Delaware corporation, SIGSBEE "JOHN" NELSON, an individual, CAMERON BINION, an individual, TIM MCCANN, an individual and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 2:20-cv-07868 MWF (MRWx) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS CLAIMS IN PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** <br><br> Hearing Date:  November 16, 2020 <br> Time:   10:00 a.m. <br> Judge:  Hon. Michael W. Fitzgerald <br> Courtroom:  5A <br><br> [Filed concurrently with Notice of Motion and Motion, and Proposed Order] |

# TABLE OF CONTENTS

**Page(s)**

I.     INTRODUCTION. ................................................................................... 1

II.    PLAINTIFFS' FACTUAL ALLEGATIONS. ................................................ 2

III.   ARGUMENT. ........................................................................................ 4

    A.   Plaintiffs' Complaint Should Be Dismissed In Its Entirety Because It Does Not Satisfy The Pleading Requirements Of Rule 8 Of The Federal Rules Of Civil Procedure. ........................................................ 4

    B.   Hanson Fails To State Claims Against American And AAG For Sexual Battery, Battery, And Assault. ................................................. 6

    C.   Hansen Fails To State A Claim For Assault for an Additional Reason. 8

    D.   Plaintiffs' Fail To State A Sexual Harassment Claim Against American or AAG. ............................................................................... 9

        1.   Plaintiffs Have Not Pled Facts Sufficient To Establish That The FEHA Applies. ........................................................................ 9

        2.   American and AAG Cannot Be Liable For Nelson's Conduct Because Plaintiffs' Complaint Makes Clear That The Company Took Prompt Remedial Action When Plaintiffs Reported It. ... 10

        3.   American and AAG Cannot Be Liable For Sexual Harassment Based On McMahan's Personnel Decision. ................................ 11

        4.   Beckman's Claim For Sexual Harassment Fails. ....................... 12

    E.   Plaintiffs Fail To State A Disability Harassment Claim Against American or AAG. ............................................................................. 13

        1.   American and AAG Cannot Be Liable Based On The Personnel Decisions Plaintiffs Complain Of, As These Decisions Are Not Harassment As A Matter Of Law. .............................................. 14

        2.   Plaintiffs Fail To Plead A Causal Link Between The Personnel Decisions And Plaintiffs' Alleged Disabilities. ........................... 15

    F.   Plaintiffs Fail To State A Claim Against American or AAG For Sex/Gender Or Disability Discrimination. .......................................... 15

    G.   Plaintiffs' Claims For Failure To Accommodate And Engage In The Interactive Process Fail As A Matter Of Law. ...................................... 18

    H.   Plaintiffs Fail To State Claims For Retaliation. ................................... 19

    I.    Plaintiffs Fail to State A Claim For Failure to Prevent/Investigate/Remedy Harassment, Discrimination and/or Retaliation (FEHA). ............................................................................ 20

    J.    Plaintiffs Fail To State Claims for IIED, NIED, And Negligent Retention/Supervision. ....................................................................... 21

        1.   Plaintiffs Fail to State IIED And NIED Claims. ....................... 21

        2.   Plaintiffs' Negligent Retention/Supervision Claim Fails. .......... 23

    K.   Failure To Reimburse Business Expenses. .......................................... 23

    L.   Plaintiffs Fail To State A Claim For Violation of Ralph Act. .............. 24

IV.   CONCLUSION. .................................................................................... 25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. Cmty. Hosp. of Long Beach*,
 46 Cal. App. 5th 238 (2020), *reh'g denied* (Mar. 10, 2020), *review
 denied* (July 15, 2020) ................................................................................ 12, 13

*Andrade v. Arby's Rest. Group, Inc.*,
 225 F. Supp. 3d 1115 (N.D. Cal. 2016) ...................................................... 20, 21

*Beliveau v. Caras*,
 873 F. Supp. 1393 (C.D. Cal. 1995) ................................................................. 25

*Bell Atlantic Corp. v. Twombly*,
 127 S. Ct. 1955 (2007) .............................................................................. 18, 19

*Carr v. Cty. of San Diego*,
 No. 19-CV-1139 JLS (MDD), 2020 WL 1046874 (S.D. Cal. Mar.
 4, 2020) ............................................................................................................. 24

*Carter v. Nat'l R.R. Passenger Corp.*,
 No. CV 18-9652 PSG (JCX), 2020 WL 2475085 (C.D. Cal. Jan. 24,
 2020) ................................................................................................................. 12

*Clark County Sch. Dist. v. Breeden*,
 532 U.S. 268 (2001) .................................................................................. 12, 13

*Cofer v. Parker-Hannifin Corp.*,
 194 F. Supp. 3d 1014 (C.D. Cal. 2016) ........................................ 11, 12, 14, 15

*Cole v. Fair Oaks Fire Protection Dist.*,
 43 Cal.3d 148 (Cal. 1987) .......................................................................... 21, 22

*Conley v. Gibson*,
 355 U.S. 41 (1957) ............................................................................................. 4

*Corum v. Hartford Accident & Indem. Co.*,
 67 Cal. App. 2d 891 (1945) ................................................................................ 5

*Day v. Sears Holdings Corp.*,
 930 F. Supp. 2d 1146 (C.D. Cal. 2013) ............................................................ 16

RULE 12(B)(6) MOTION TO DISMISS
2:20-CV-07868 MFW (MRWX)

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Doe v. City of San Diego*,
   35 F. Supp. 3d 1195 (S.D. Cal. 2014) ............................................... 6, 25

*Dubose v. Excelsior Educ. Ctr.*,
   No. EDCV 10-0214 GAF (OPx), 2010 WL 11556752 (C.D. Cal.
   Sept. 22, 2010) ...................................................................... 21, 22, 23

*Ellison v. Brady*,
   924 F. 2d 872 (9th Cir. 1991) ............................................................ 10

*Escriba v. Foster Poultry Farms*,
   793 F. Supp. 2d 1147 (E.D. Cal. 2011) .............................................. 20

*Faust v. Cal. Portland Cement Co.*,
   150 Cal. App. 4th 864 (2007) ............................................................. 17

*Fisher v. San Pedro Peninsula Hosp.*,
   214 Cal. App. 3d 590 (1989) .............................................................. 13

*Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*,
   627 F. Supp. 2d 1187 (E.D. Cal. 2009) ................................................ 8

*Garcia v. City of Merced*,
   637 F. Supp. 2d 731 (E.D. Cal. 2008) .................................................. 8

*Godwin v. Hunt Wesson, Inc.*,
   150 F.3d 1217 (9th Cir. 1998), *as amended* (Aug. 11, 1998) .............. 16

*Griffith v. Logisticare Sols., LLC*,
   No. CV 16-8666 PSG (JEMX), 2017 WL 8220435 (C.D. Cal. Mar.
   9, 2017) ............................................................................................. 15

*Guillory v. Princess Cruise Lines, Ltd.*,
   2007 WL 102851 (Cal. Ct. App. 2007) ................................................ 9

*Hernandez v. City of San Jose*,
   No.16-CV-03957-LHK, 2016 WL 5944095 (N.D. Cal. 2016) ............. 25

*Herrick v. Quality Hotels, Inns & Resorts, Inc.*,
   19 Cal. App. 4th 1608 (1993) .............................................................. 6

iii

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Irvine v. City & Cty. of San Francisco,*
   No. CV 00–01293 EDL, 2001 WL 967524 (N.D. Cal. July 12,
   2001) ...........................................................................................................8, 9

*Jensen v. Wells Fargo Bank,*
   85 Cal. App. 4th 245 (2000)...................................................................... 18

*John Y. v. Chaparral Treatment Ctr., Inc.,*
   101 Cal. App. 4th 565 (2002) .......................................................................6

*Kelly v. Wal Mart Stores, Inc.,*
   291 F. Supp. 3d 1145 (S.D. Cal. 2017) .................................................... 18

*Kocol v. United States,*
   No. CV 14-08436-MMM(ASX), 2015 WL 12670408 (C.D. Cal.
   May 7, 2015)...................................................................................................8

*Lisa M. v. Henry Mayo Newhall Mem. Hosp.,*
   12 Cal. 4th 291 (1995)...............................................................6, 7, 22

*Lyle v. Warner Bros. T.V. Prods.,*
   38 Cal. 4th 264 (2006)............................................................................12, 13

*Maria D. v. Westec Residential Sec., Inc.,*
   85 Cal. App. 4th 125 (2000) *as modified* (Dec. 20, 2000) ...................7

*McDonnell Douglas Corp. v. Green,*
   411 U.S. 792 (1973) ................................................................................... 16

*Noble v. Dorcy Inc.,*
   No. 219CV08646ODWJPRX, 2020 WL 374886 (C.D. Cal., Jan.
   23, 2020).........................................................................................................9

*North Alaska Salmon Co. v. Pillsbury,*
   174 Cal. 1 (1916)...........................................................................................9

*O'Donnell v. U.S. Bancorp Equip. Finance, Inc.,*
   No. C10-0941 TEH, 2010 WL 2198203 (N.D. Cal., May 28, 2010) ...................5

1
2

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

3
4
5

*Ovieda v. Sodexo Operations, LLC*,
  No. CV 12-1750-GHK SSX, 2012 WL 1627237 (C.D. Cal. May 7,
  2012)..................................................................................................................6

6

*Oyarzo v. Tuolumne Fire Dist.*,
  955 F. Supp. 2d 1038 (E.D. Cal. 2013)............................................................19

7
8

*Pareto v. F.D.I.C.*,
  139 F.3d 696 (9th Cir. 1998)...................................................................passim

9
10

*Patten v. Grant Joint Union High School Dist.*,
  134 Cal. App. 4th 1378 (2005).........................................................................19

11
12

*Peikin v. Kimmel & Silverman, P.C.*,
  576 F. Supp.2d 654 (D. N.J.2008)......................................................................9

13
14

*Perez v. DNC Parks & Resorts at Asilomar, Inc.*,
  No.119CV00484DADSAB, 2019 WL 5618169 (E.D. Cal., Oct. 31,
  2019)...................................................................................................................5

15
16
17

*Priyanto v. M/S Amsterdam*,
  No. CV 07-3811AHMJTLX, 2009 WL 175739 (C.D. Cal. Jan. 23,
  2009)...................................................................................................................9

18
19

*Reno v. Baird*,
  18 Cal. 4th 640 (1998)...............................................................11, 12, 14, 15

20
21

*Robinson v. HD Supply, Inc.*,
  No. 2:12-CV-00604-GEB, 2012 WL 5386293 (E.D. Cal. Nov. 1,
  2012).................................................................................................................17

22
23
24

*Rubadeau v. M.A. Mortenson Co.*,
  No. 1:13-CV-339 AWI JLT, 2013 WL 3356883 (E.D. Cal., July 3,
  2013).................................................................................................................10

25
26

*Russo v. APL Marine Serv., Ltd.*,
  135 F. Supp. 3d 1089 (C.D. Cal. 2015)..............................................................9

27
28

*Schaffer v. GTE, Inc.*,
  40 F. App'x 552 (9th Cir. 2002)........................................................................21

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Scotch v. Art Institute of Cal.*,
173 Cal. App. 4th 986 (2009)........................................................................20, 21

*Sheppard v. Freeman*,
67 Cal. App. 4th 339 (1998)........................................................................11, 12, 15

*Sullivan v. Kelly Servs., Inc.*,
No. C 08–3893 CW, 2009 WL 3353300 (N.D. Cal. 2009)................................24

*Trujillo v. Continental Airlines, Inc.*,
No. CV 12-4300 ABC DTBX, 2013 WL 10776600 (C.D. Cal. July
2, 2013)............................................................................................................5

*Vasquez v. Cty. of Los Angeles*,
No. CV 11-3849 PSG (PJWx), 2012 WL 12930526 (C.D. Cal.
2012)................................................................................................................7

*Wasche v. Orchard Hosp.*,
No. 2:18-CV-022460-MCE-DB, 2020 WL 4923710 (E.D. Cal. Aug
21, 2020)..........................................................................................................12

*Watkins v. Ameripride Servs.*,
375 F. 3d 821 (9th Cir. 2004)..........................................................................18

*Yanowitz v. L'Oreal USA, Inc.*,
36 Cal. 4th 1028 (2005)....................................................................................19

**Statutes**

Gov. Code § 12940(n) .......................................................................................19

Gov't Code § 12940(j)(1) ..................................................................................10

Labor Code § 2802(a)........................................................................................23

1  **I.     INTRODUCTION.**

2        In their Complaint, Plaintiffs Janette Beckman ("Beckman") and Leeanne

3  Hansen ("Hansen") (collectively, "Plaintiffs") purport to assert 18 causes of action

4  against their employer, Defendant American Airlines, Inc. ("American"), and its

5  parent corporation, American Airlines Group Inc. ("AAG").  Plaintiffs fail to state a

6  claim as to *any* of their causes of action against American or AAG, and their

7  Complaint should thus be dismissed on that basis.[1]

8        First, Plaintiffs' Complaint should be dismissed in its entirety because

9  Plaintiffs fail to allege even the most basic facts related to their claims, such as the

10  dates and locations of the alleged events at issue.  This deficiency is particularly

11  problematic as to their FEHA claims because the events underlying Plaintiffs'

12  claims must have occurred in California in order for FEHA to apply.  Plaintiffs

13  cannot ignore material, basic facts related to their claims in an effort to avoid

14  dismissal.

15        Second, Plaintiffs attempt to hold American and AAG vicariously liable for

16  the alleged sexual misconduct of American's former employee, First Officer

17  Sigsbee Nelson ("Nelson")—something California courts have *never done* outside

18  of the limited, unique context of sexual assaults by uniformed police officers.  As a

19  matter of law, Nelson's misconduct was not within the scope of his employment

20  with American, and thus neither American nor AAG can be held vicariously liable

21  for it.

22        Third, Plaintiffs bring a number of claims for which workers' compensation

23  provides their exclusive remedy or that, for other reasons, cannot be maintained

24  against American or AAG as a matter of law.

25  _____

26  [1] AAG is the parent, holding company of American and several other airlines.  If
    AAG is not dismissed for the reasons set forth below, AAG intends to seek

27  dismissal at a later stage of the litigation based on the fact that it is a holding
    company only that has no employees and thus had no (and could have no)

28  involvement in the claims at issue in the Complaint.

1    Fourth and finally, Plaintiffs plead many of their claims based on nothing

2 more than legal conclusions, which Plaintiffs cannot rely on to survive a motion to

3 dismiss, without stating any facts that would establish the elements of their claims.

4 For example, Plaintiffs fail to plead facts supporting any causal link between their

5 protected status or protected activity and any alleged harassment or adverse

6 employment action taken against them.  This failure is fatal to their claims for

7 discrimination, harassment, and retaliation.

8    For these reasons, American and AAG ask the Court to grant their motion to

9 dismiss all of Plaintiffs' claims against them.

10 ## II.    PLAINTIFFS' FACTUAL ALLEGATIONS.[2]

11    Plaintiffs are flight attendants employed by American.  (Compl. ¶ 21.)

12 During a flight, First Officer Nelson made inappropriate comments to them after

13 Beckman refused to provide him with an alcoholic beverage.  (*Id.* ¶ 23-24.)

14 Nelson's comments included statements about sadomasochism and Plaintiffs'

15 "lik[ing] to be tied up."  (*Id.* ¶ 24-25.)  "[L]ater," Nelson, "startling Hansen from

16 behind, grabbed Hansen by her hips, dug his nails into her hip bones, and

17 repeatedly and violently thrust his penis into Hanson's buttocks," while in uniform

18 and on duty.  (*Id.* ¶ 26.)

19    Plaintiffs told Captain Sipovac ("Sipovac"), the other pilot on the trip, what

20 Nelson had done.  (*Id.* ¶ 27.)  Sipovac was not surprised and said that Nelson had

21 previously boasted of sexual conquests with "underage prostitutes."  (*Id.*)  Sipovac

22 asked Plaintiffs what they wanted to do, and after the return flight to Los Angeles

23 International Airport ("LAX"), recommended that Plaintiffs report Nelson's

24 conduct to a union committee that represents pilots at American, the Allied Pilots

25 Association's Professional Standards for Pilots ("Union PSP").  (*Id.* ¶ 30.)

26 Following the flight with Nelson, Hansen went on a leave of absence.  (*Id.* ¶ 29.)

27

28 [2] These allegations are taken from Plaintiffs' Complaint and are assumed to be true solely for purposes of this Motion.

1   Beckman also went on leave after she flew with Nelson a week later and he

2   allegedly "whisper[ed] in her ear." (*Id.*)

3       Plaintiffs lodged a complaint with the Union PSP, but they were dissatisfied

4   with the results. (*Id.* ¶ 30.) Only then did Plaintiffs file complaints with

5   American's Human Resources department. (*Id.* ¶ 30-31.) "Shortly thereafter,"

6   American put Nelson on a leave of absence and launched an investigation into

7   Nelson's misconduct. (*Id.* 30-32.) Plaintiffs allege that at the outset of the

8   investigation, Tim McMahan ("McMahan"), a Flight Services Director based out of

9   LAX, offered Plaintiffs paid time off until American completed the investigation,

10  but that days later, McMahan retracted the offer of paid leave. (*Id.*)[3] Plaintiffs

11  claim that Nelson was placed on paid leave pending the investigation. (*Id.* ¶ 32.)[4]

12      As part of the investigatory process, a Human Resources representative for

13  American interviewed Plaintiffs regarding their allegations. (*Id.* ¶ 33.) Plaintiffs

14  claim that they did not receive reimbursement for the parking costs and mileage

15  they incurred attending their interviews. (*Id.* ¶ 35.) American completed its

16  investigation and terminated Nelson's employment. (*See id.* ¶ 36, 38.)

17      Plaintiffs have not returned to work since taking a leave of absence. (*Id.* ¶

18  39.) Plaintiffs claim that during this time, American has scheduled them for work

19  and then issued write-ups and disciplinary points when Plaintiffs failed to report for

20  work. (*Id.*) Plaintiffs also claim that Cameron Binion ("Binion"), a Flight Services

21  Manager, "interfered with" their medical benefits by arranging to have them cut off.

22  (*Id.* ¶ 40.) Binion also allegedly sent Beckman a disciplinary letter for her failure to

23  report for work. (*Id.* ¶ 43.)

24      Plaintiffs filed administrative complaints with the Department of Fair

25  _____

26  [3] Plaintiffs misspell Defendant Tim McMahan's name as "Tim McCann" in the case caption and throughout their Complaint.

27  [4] Plaintiffs fail to mention that the collective bargaining agreement governing the terms and conditions of employment for all pilots at American requires American to

28  provide paid leave during any investigation of a pilot's alleged misconduct.

Employment and Housing and, on April 29, 2020, received a right to sue letter.  (*Id.* ¶ 6.)  On July 2, 2020, Plaintiffs filed a Complaint in Los Angeles Superior Court asserting 18 causes of action for:  (1) Sexual Battery; (2) Battery; (3) Assault; (4) Harassment on the Basis of Sex/Gender; (5) Harassment on the Basis of Disability; (6) Discrimination on the Basis of Sex/Gender; (7) Discrimination on the Basis of Disability; (8) Failure to Accommodate Disability; (9) Failure to Engage in the Interactive Process; (10-12) Retaliation under the FEHA and Labor Code §§ 1102.5 and 6310; (13) Failure to Prevent, Remedy, or Investigate Harassment, Discrimination, or Retaliation; (14) Negligent Retention/Supervision; (15) Failure to Reimburse Business Expenses; (16) Violation of the Ralph Act; (17) Intentional Infliction of Emotional Distress; and (18) Negligent Infliction of Emotional Distress.

On August 27, 2020, American and AAG removed to this Court based on diversity jurisdiction.

## III.  ARGUMENT.

A court must dismiss a claim under Rule 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts . . . which would entitle [plaintiff] to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In ruling on a Rule 12(b)(6) motion, the Court accepts as true "the allegations of material facts set forth in the complaint."  *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir. 1998). "However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."  *Id.*  Each of Plaintiffs' 18 causes of action against American and AAG fail as a matter of law.

### A.  **Plaintiffs' Complaint Should Be Dismissed In Its Entirety Because It Does Not Satisfy The Pleading Requirements Of Rule 8 Of The Federal Rules Of Civil Procedure.**

Plaintiffs' Complaint should be dismissed in its entirety because Plaintiffs have failed to allege even the most basic facts related to their claims, i.e., the dates and locations of the alleged events at issue.  *O'Donnell v. U.S. Bancorp Equip.*

*Finance, Inc*., No. C10-0941 TEH, 2010 WL 2198203, at *3 (N.D. Cal., May 28, 2010) (granting motion to dismiss and finding that plaintiff "failed to satisfy the pleading requirements of Federal Rule of Civil Procedure 8 because she has not alleged any dates in her complaint.")

Plaintiffs assert that Nelson made offensive comments during a flight and "later" engaged in unwelcome touching of Hansen.  (Compl. ¶ 23-26.)  But Plaintiffs give no indication of when the flight took place, or where they were when the alleged misconduct occurred.  These facts are particularly significant with respect to Plaintiffs' FEHA claims because the "FEHA, a California statute, does not reach conduct occurring entirely outside of California."  *Trujillo v. Continental Airlines, Inc*., No. CV 12-4300 ABC DTBX, 2013 WL 10776600, at *4 (C.D. Cal. July 2, 2013).[5]

*Perez v. DNC Parks & Resorts at Asilomar, Inc.*, No.119CV00484DADSAB, 2019 WL 5618169 (E.D. Cal., Oct. 31, 2019) is illustrative.  In *Perez*, the plaintiff asserted numerous wage and hour claims, but failed "to plead any specific facts about his employment—he does not allege his job title, his job description or duties, the dates of his employment, the physical location(s) where he worked, or the specific defendant(s) for which he worked."  *Id.* at *7.  The court dismissed the complaint, holding that it was "bereft of 'even the most basic facts regarding his employment' that would allow the court to draw a reasonable inference about 'these allegations and thus move them beyond 'the line between possibility and plausibility.'"  *Id.* (citing *Ovieda v. Sodexo Operations, LLC*, No. CV 12-1750-

---

[5] In reality—as Plaintiffs are well-aware—Nelson's alleged misconduct occurred on route to, and in, Sao Paolo, Brazil, where the FEHA indisputably does not apply.  Trujillo, 2013 WL 10776600, at *1.  Plaintiffs, however, cannot avoid dismissal of their FEHA claim by simply omitting these material facts.  *See, e.g.*, *Corum v. Hartford Accident & Indem. Co.*, 67 Cal. App. 2d 891, 895 (1945) (dismissing a claim for failure to plead the date on which a key incident occurred because the court could not evaluate the defendant's potential statute of limitations defense).

1   GHK SSX, 2012 WL 1627237, at *3 (C.D. Cal. May 7, 2012)).

2         Like the plaintiff in *Perez*, Plaintiffs fail to allege the dates of their

3   employment, when their flight with Nelson occurred, where they were when Nelson

4   made inappropriate comments, when Nelson inappropriately touched Hansen, and

5   where they were when the unwelcome touching allegedly occurred. Because

6   Plaintiffs' claims are "bereft of even the most basic facts," it is impossible for

7   American or this Court to assess the viability of Plaintiffs' Complaint, and it should

8   be dismissed in its entirety.

9

10       **B.**    **Hanson Fails To State Claims Against American And AAG For Sexual Battery, Battery, And Assault.**

11         Hansen's claims for sexual battery, battery, and assault against American and

12   AAG, based on Nelson's alleged sexual misconduct, fail as a matter of law.

13   Hansen asserts that American is liable for Nelson's misconduct under the doctrine

14   of *respondeat superior*. (Compl. ¶ 50.) But American can only be liable under that

15   doctrine if Nelson's misconduct either (1) occurred during the course and scope of

16   employment or (2) was later ratified by American. *Lisa M. v. Henry Mayo Newhall*

17   *Mem. Hosp*. 12 Cal. 4th 291, 296 (1995); *Herrick v. Quality Hotels, Inns & Resorts,*

18   *Inc*., 19 Cal. App. 4th 1608, 1618 (1993). Because Plaintiffs' own allegations

19   confirm that neither is the case here, Hansen's claims for sexual battery, battery,

20   and assault should be dismissed.

21         "The general rule is that where an employee commits acts of sexual

22   misconduct during the course of his work, such acts are outside the scope of his

23   employment, and no vicarious liability attaches." *Doe v. City of San Diego*, 35 F.

24   Supp. 3d 1195, 1204-05 (S.D. Cal. 2014). Under California law, "with the

25   exception of cases involving sexual misconduct by on-duty police officers against

26   members of the public, employers have not been held vicariously liable for the

27   sexual wrongdoing of their employees." *John Y. v. Chaparral Treatment Ctr., Inc.*,

28   101 Cal. App. 4th 565, 575 (2002); *see also Maria D. v. Westec Residential Sec.,*

*Inc.*, 85 Cal. App. 4th 125, 146 (2000), *as modified* (Dec. 20, 2000).  In *Maria D.*, for example, the court found that an employer could not be vicariously liable for its security guard's sexual misconduct, despite the similarities between police officers and security guards, because security guards do not act as a representative of the state or have the same "extraordinary," "awesome," "formidable" and "unique" powers and authority as police officers.  85 Cal. App. 4th at 146, 150; *see also Lisa M.*, 12 Cal. 4th at 306 (hospital was not liable under doctrine of *respondeat superior* for technician's assault of patient because, as a matter of law, sexual assault was outside scope of employment).

Here, there are no allegations to support an exception to the general rule that sexual assault is outside the scope of employment.  Nelson is not a police officer, nor is he vested with the "extraordinary" powers of the police to act on the state's behalf in enforcing the law.  *See Maria D.*, 85 Cal. App. 4th at 146, 150; *Lisa M.*, 12 Cal. 4th at 306.  Moreover, Plaintiffs do not allege (nor could they) that Nelson's alleged actions were "engendered by or connected to" his employment as a pilot. *John Y.*, 101 Cal. App. 4th at 575.  Accordingly, as a matter of law, American and AAG cannot be vicariously liable for sexual battery, battery, or assault based on Nelson's sexual misconduct.  *Id.* at 574-75 ("the relationship between an employee's work and wrongful conduct" may be decided as a matter of law when the conduct "is so attenuated that a jury could not reasonably conclude that the act was within the scope of employment.").

Even if the court found Nelson's conduct was within the scope of his employment (which, as a matter of law, it was not), American and AAG would still not be liable because workers' compensation would be Hansen's exclusive remedy. *See Vasquez v. Cty. of Los Angeles*, No. CV 11-3849 PSG (PJWx), 2012 WL 12930526, at *11–12 (C.D. Cal. 2012) (dismissing assault and battery claims brought against employer on respondeat superior grounds because "if Plaintiffs successfully show that the Individual Defendants were acting within the scope of

their employment with the County . . . workers' compensation would be their exclusive remedy.")

Finally, the Complaint establishes that American did not ratify Nelson's misconduct.  Plaintiffs allege that, "shortly" after Plaintiffs reported Nelson's misconduct to American's Human Resources department, American placed Nelson on leave, investigated Plaintiffs' allegations, and terminated Nelson's employment. (*See* Compl. ¶¶ 31, 32, 36.)  Plaintiffs' allegations themselves thus establish that American did not ratify Nelson's conduct.  *See Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*, 627 F. Supp. 2d 1187, 1202-03 (E.D. Cal. 2009) ("If CUSD had ratified Burns's conduct, it would not have taken steps to effectuate change or to punish Burns. The same actions by CUSD that show a lack of deliberate indifference also show a lack of ratification.").  Accordingly, Plaintiffs fail to state a claim against American or AAG for sexual assault, assault, or battery.

### C.    Hansen Fails To State A Claim For Assault for an Additional Reason.

Hansen's assault claim should also be dismissed because she fails to allege that she "was put in imminent apprehension of" a harmful or offensive contact, as required to state a viable claim for assault under California law.  *Kocol v. United States*, No. CV 14-08436-MMM(ASX), 2015 WL 12670408, at *6 (C.D. Cal. May 7, 2015) (quoting *Garcia v. City of Merced*, 637 F. Supp. 2d 731, 747 (E.D. Cal. 2008)).  Indeed, "[t]he essence of the intentional tort of assault is ***the apprehension*** of harmful or offensive contact."  *Irvine v. City & Cty. of San Francisco*, No. CV 00–01293 EDL, 2001 WL 967524, *9 (N.D. Cal. July 12, 2001) (emphasis added).  Here, however, Hansen alleges that Nelson, "***startling Hansen from behind***, grabbed Hansen by her hips. . . ."  (Compl. ¶ 26 (emphasis added).)  Not only does Hansen fail to allege that she "was put in imminent apprehension of" Nelson's offensive contact, but her allegation that she was "startled from behind" prevents her from establishing "the essence of the intentional tort of assault."  *Irvine*, 2001

RULE 12(B)(6) MOTION TO DISMISS
2:20-CV-07868 MFW (MRWX)

WL 967524 at *9.  Accordingly, Hansen fails to state a claim for assault for this reason as well.

### D.   Plaintiffs' Fail To State A Sexual Harassment Claim Against American or AAG.

Plaintiffs' claim for sexual harassment against American and AAG is based on (1) Nelson's inappropriate comments to Plaintiffs and his unwelcome touching of Hansen, and (2) McMahan's retraction of an offer for paid leave.  Plaintiffs have failed to state a cognizable claim against American or AAG for three reasons.

### 1.   Plaintiffs Have Not Pled Facts Sufficient To Establish That The FEHA Applies.

"Ordinarily, state statutes are not given extraterritorial effect."  *Russo v. APL Marine Serv., Ltd.,* 135 F. Supp. 3d 1089, 1094 (C.D. Cal. 2015) (citing *North Alaska Salmon Co. v. Pillsbury,* 174 Cal. 1, 4 (1916)).  With respect to the FEHA, the "majority of courts in California and other jurisdictions have found that the extraterritorial application of FEHA is determined by the situs of both employment *and the material elements of the cause of action*, as opposed to residence of the employee or employer."  *Russo,* 135 F. Supp. 3d at 1094 (emphasis added) (citing *Guillory v. Princess Cruise Lines, Ltd.,* 2007 WL 102851 (Cal. Ct. App. 2007)); *Peikin v. Kimmel & Silverman, P.C.*, 576 F. Supp.2d 654, 657 (D. N.J. 2008); and *Priyanto v. M/S Amsterdam*, No. CV 07-3811AHMJTLX, 2009 WL 175739, at *7-8 (C.D. Cal. Jan. 23, 2009)).  Here, Plaintiffs fail to allege any facts to establish that the FEHA actually applies to their sexual harassment claim.  For that reason alone, it should be dismissed.[6]  *Noble v. Dorcy Inc.*, No. 219CV08646ODWJPRX, 2020 WL 374886, at *4 (C.D. Cal., Jan. 23, 2020) (grating motion to dismiss sexual harassment claim because "the Court cannot determine whether Noble has claims

---

[6] As noted above, in actuality, the alleged conduct occurred in Brazil, and Plaintiffs cannot avoid dismissal of their FEHA claim by simply omitting these material facts.  *See supra* n.5.

1    under FEHA based on the allegations in her complaint.")

2            **2.    American and AAG Cannot Be Liable For Nelson's Conduct Because Plaintiffs' Complaint Makes Clear That The Company Took Prompt Remedial Action When Plaintiffs Reported It.**

5    Plaintiffs allege that Nelson made inappropriate comments on a flight,

6    inappropriately touched Hansen, and on a flight a week later, "whisper[ed] in"

7    Beckman's ear.  (Compl. ¶¶ 23-25, 29.)  Plaintiffs assert that they reported Nelson's

8    conduct to their coworker (Captain Sipovac), the Allied Pilots Association's

9    Professional Standards for Pilots, and finally, to American's Human Resources

10   department.  (*Id*. ¶ 27, 30-31.)  According to Plaintiffs, "[s]hortly thereafter,"

11   American launched an investigation, placed Nelson on a leave of absence during

12   the investigation, and terminated Nelson's employment.  (*Id*. ¶¶ 31, 33, 36.)

13   Plaintiffs do not allege that Nelson, a First Officer, was a supervisor (and he

14   was not), so American can only be liable for his actions if American, or an agent or

15   supervisor of American, (a) knew or should have known of the harassing conduct

16   and (b) failed to take immediate and appropriate corrective action.  Gov't Code §

17   12940(j)(1).  "The § 12940(j)(l) 'knows or should have known' language creates a

18   negligence standard."  *Rubadeau v. M.A. Mortenson Co.*, No. 1:13-CV-339 AWI

19   JLT, 2013 WL 3356883, at *14 (E.D. Cal., July 3, 2013).  An employer's remedial

20   actions are sufficient if they are "reasonably calculated to end the harassment."

21   *Ellison v. Brady*, 924 F. 2d 872, 882 (9th Cir. 1991).

22   Here, Plaintiffs allege that once they finally reported Nelson's misconduct to

23   American's Human Resources department, that "shortly thereafter," American

24   placed Nelson on a leave of absence, launched an investigation into Nelson's

25   misconduct, and terminated his employment.  (Compl. ¶¶ 31-32.)  Plaintiffs do not

26   allege that Nelson continued to harass them, or that American's response to

27   Plaintiffs' allegations did not "end the harassment."  *Id.;* (Comp. ¶¶ 31, 33, 36.)

28   Accordingly, because Plaintiffs' allegations establish that American took immediate

RULE 12(B)(6) MOTION TO DISMISS
2:20-CV-07868 MFW (MRWX)

1  corrective action in response to their harassment complaints, they fail to state a
2  cause of action for sexual harassment against American or AAG.

3       **3.    American and AAG Cannot Be Liable For Sexual
          Harassment Based On McMahan's Personnel Decision.**
4

5       Plaintiffs allege that McMahan "harassed" them by offering them "paid time
6  off until the Company completed its investigation," and then "retracting the
7  guaranteed paid leave just days later."  (Comp. ¶ 31.)  There are no other factual
8  allegations against McMahan.

9       The conduct relied upon by Plaintiffs in support of their sexual harassment
10  claim is a personnel management decision and thus cannot establish a claim for
11  harassment as a matter of law.  As the California Supreme Court has explained,
12  "[m]aking a personnel decision is conduct of a type fundamentally different from
13  the type of conduct that constitutes harassment." *Reno v. Baird*, 18 Cal. 4th 640,
14  646 (1998); *see also Sheppard v. Freeman*, 67 Cal. App. 4th 339, 349 (1998)
15  ("[E]mployees, regardless of their scope of employment or personal motives,
16  cannot be individually liable for their acts or words relating to personnel actions . . .
17  ."); *Cofer v. Parker-Hannifin Corp.,* 194 F. Supp. 3d 1014, 1019 (C.D. Cal. 2016)
18  (personnel management actions, such as "project assignments, promotion or
19  demotion, performance evaluations, or compensation decisions," cannot constitute
20  harassment.)

21      In *Cofer*, the Central District of California granted an employer's motion to
22  dismiss its former employees' claims for age and race-based harassment because
23  the alleged harassment was "personnel-related conduct."  194 F. Supp. 3d at 1019.
24  The former employee alleged that his employer and several of his supervisors had
25  refused to promote him, precluded him from participating in trainings, excluded
26  him from meetings, and ultimately terminated him.  *Id.*  The court dismissed his
27  harassment claims, holding that such conduct consisted of "official employment
28  actions" and could not constitute harassment as a matter of law.  *Id.* at 1020.  The

court noted that there were no allegations of offensive conduct unrelated to official employment actions that could potentially amount to harassment.  *Id.*

*Cofer* is directly on point.  Like the plaintiff in *Cofer,* Plaintiffs do not allege "anything else aside from official employment actions," i.e., a decision regarding paid or unpaid leave.  *Id.*  Such alleged conduct cannot constitute harassment on the basis of sex/gender as a matter of law, and accordingly, Plaintiffs' sexual harassment claim against American and AAG should be dismissed.  *Id.*; *Reno*, 18 Cal. 4th at 646; *Sheppard*, 67 Cal. App. 4th at 349.

### 4.    Beckman's Claim For Sexual Harassment Fails.

In addition to the reasons detailed above, Beckman's sexual harassment claim also fails because the conduct she allegedly experienced is insufficient to constitute actionable harassment as a matter of law.  To state a claim for sexual harassment under the FEHA, a plaintiff "must demonstrate that the conduct complained of was *severe enough or sufficiently pervasive* to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees because of their sex."  *Alexander v. Cmty. Hosp. of Long Beach*, 46 Cal. App. 5th 238, 262-63 (2020), *reh'g denied* (Mar. 10, 2020), *review denied* (July 15, 2020) (emphasis in original)[7]; *see also Lyle v. Warner Bros. T.V. Prods.*, 38 Cal. 4th 264, 279 (2006); *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001).  "Generally, . . . sexual conduct that involves or is aimed at persons other than the plaintiff is considered less offensive and severe than conduct that is directed at the plaintiff."  *Lyle*, 38 Cal. 4th at 284-285.  Accordingly, sexual harassment claims

---

[7] Plaintiffs cite to Cal. Gov. Code § 12923, which took effect in January 2019 and set forth the legislature's "intent with regard to application of the laws about harassment."  Since January 2019, however, California and federal courts have continued to consistently apply the familiar "severe and pervasive" standard when analyzing FEHA sexual harassment claims.  *See, e.g.*, *Alexander*, 46 Cal. App. 5th at 262-63; *Wasche v. Orchard Hosp.*, No. 2:18-CV-022460-MCE-DB, 2020 WL 4923710, at *8 (E.D. Cal. Aug 21, 2020); *Carter v. Nat'l R.R. Passenger Corp.*, No. CV 18-9652 PSG (JCX), 2020 WL 2475085, at *6 (C.D. Cal. Jan. 24, 2020).

brought by a witness to the alleged harassment of another require a "higher showing that the sexually harassing conduct was pervasive and destructive of the working environment." *Id.*; *see also Alexander*, 46 Cal. App. 5th at 262-63.

In *Lyle*, for example, the California Supreme Court held an employee failed to state a claim for sexual harassment where her male coworkers allegedly engaged in "sexual antics" in her presence, including sexual commentary about women's bodies, mimicry of sex acts, and discussions about their personal sexual experiences and preferences, because none of the conduct the plaintiff complained of was directed at her. 38 Cal. 4th at 286-87.

Here, Beckman's claim for sexual harassment is based on a single inappropriate comment by Nelson, and Beckman allegedly witnessing a single inappropriate touching of her coworker. This single inappropriate comment, paired with misconduct Beckman allegedly witnessed, but did not personally experience, is insufficient to constitute actionable harassment as a matter of law. *See id.; Clark*, 532 U.S. at 271 (noting that "simple teasing, offhand comments, and isolated incidents (unless extremely serious)" will not constitute harassment); *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 612 (1989) (sustaining demurrer where plaintiff witnessed perpetrator pull nurses into his lap, hug and kiss them, place his hands on women's breasts, make sexually offensive comments, move his hands towards a woman's genitals, and walk behind a woman while making pelvic movements). Thus, Beckman's claim for sexual harassment fails to state a claim for this reason as well.

**E.      Plaintiffs Fail To State A Disability Harassment Claim Against American or AAG.**

Plaintiffs bring a claim for disability harassment against American and AAG based on (1) McMahan's retraction of an offer of paid leave, (2) Binion's alleged involvement in Plaintiffs' medical benefits being cut off, (3) a disciplinary letter Binion allegedly sent to Beckman due to her failure to report to work, and (4)

RULE 12(B)(6) MOTION TO DISMISS
2:20-CV-07868 MFW (MRWX)

American's issuance of write-ups and disciplinary points to Plaintiffs for their failure to report to work.  Plaintiffs have failed to state a cognizable claim against American or AAG because all of these actions amount to personnel management decisions and Plaintiffs do not plead any facts that would link these actions to Plaintiffs' alleged disabilities.

### 1. American and AAG Cannot Be Liable Based On The Personnel Decisions Plaintiffs Complain Of, As These Decisions Are Not Harassment As A Matter Of Law.

Plaintiffs allege that McMahan "harassed" them by offering them paid time off and then retracting that offer.  (Comp. ¶ 31.)  With respect to Binion, Plaintiffs allege that he somehow "interfered with" Plaintiffs' medical benefits by "arranging them to be cut off as a means of further harassing" them.[8]  (*Id.* ¶ 40.)  Plaintiffs further allege that Binion and American sent Beckman a disciplinary letter regarding her failure to report to work.  (*Id.* ¶ 43.)  Finally, Plaintiffs allege that American issued Plaintiffs write-ups and disciplinary points when they failed to report for work.  (*Id.* ¶ 39.)

All of these personnel decisions are of a type "fundamentally different from the type of conduct that constitutes harassment," and they cannot support Plaintiffs' claims for disability harassment as a matter of law.  *Reno,* 18 Cal. 4th at 646 (1998); *see also Cofer,* 194 F. Supp. 3d at 1019 (personnel management actions, such as "project assignments, promotion or demotion, performance evaluations, or compensation decisions," cannot constitute harassment.)  Just as McMahan's personnel management decisions cannot constitute sex-based harassment, they cannot constitute disability-based harassment either.  The same is true for the personnel decisions allegedly made by Binion and American.  Even if Binion had

---

[8] In fact, Plaintiffs' medical benefits expired by the terms of the insurance plan after Plaintiffs had been on leave for a year, something Plaintiffs know and ignore in their Complaint.  There are no factual allegations supporting an implication that Binion had authority to make determinations regarding American's medical plans.

RULE 12(B)(6) MOTION TO DISMISS
2:20-CV-07868 MFW (MRWX)

1   the authority to "interfere with" Plaintiffs' medical benefits, decisions related to

2   benefits and compensation are "official employment actions." *Cofer*, 194 F. Supp.

3   3d at 1019.  Moreover, American's issuance of write-ups and disciplinary points

4   and Binion's disciplinary letter all fall within the scope of typical employment

5   actions taken for personnel management purposes. *See id.*  As such, this alleged

6   conduct cannot constitute harassment on the basis of disability as a matter of law.

7   *Id.*; *Reno*, 18 Cal. 4th at 646; *Sheppard*, 67 Cal. App. 4th at 349.  Plaintiffs'

8   disability harassment claims should be dismissed on this basis alone.

9              **2.      Plaintiffs Fail To Plead A Causal Link Between The
                         Personnel Decisions And Plaintiffs' Alleged Disabilities.**

10

11          Plaintiffs' claims also fail because they do not plead any facts that would

12   show they were subjected to any harassment *because of* their alleged disabilities.

13   To state a claim for harassment, Plaintiffs must show that the alleged harassment

14   "was based on" their purported disabilities. *See, e.g.*, *Griffith v. Logisticare Sols.,*

15   *LLC*, No. CV 16-8666 PSG (JEMX), 2017 WL 8220435, at *4 (C.D. Cal. Mar. 9,

16   2017).  In other words, Plaintiffs must set forth a causal link between the

17   harassment and their disabilities. *Id.*

18          Here, Plaintiffs do not make a single factual allegation that would support a

19   causal link between the alleged harassment of Plaintiffs and their alleged

20   disabilities.  Instead, Plaintiffs simply allege in conclusory fashion that

21   "AMERICAN and DOES have harassed PLAINTIFFS because of their disability

22   and/or medical condition." (Compl. ¶ 87.)  This allegation is a pure legal

23   conclusion that Plaintiffs cannot rely on to support their disability harassment

24   claims. *Pareto*, 139 F.3d at 699.  Thus, Plaintiffs fail to state a claim for disability

25   harassment under the FEHA. *Griffith*, 2017 WL 8220435, at *4.

26          **F.     Plaintiffs Fail To State A Claim Against American or AAG For
                     Sex/Gender Or Disability Discrimination.**

27

28          Plaintiffs bring claims for discrimination on the basis of their sex/gender and

alleged disability in violation of the FEHA.  As detailed above, Plaintiffs' FEHA discrimination claim should be dismissed because Plaintiffs have failed to allege facts establishing that the FEHA applies to them.  But even assuming for the sake of argument that the FEHA did apply, Plaintiffs' discrimination claims would still fail because they do not plead facts that show they were subjected to any adverse employment actions *because of* their protected status.

To state a prima facie claim for sex or gender-based discrimination under the FEHA, plaintiffs must plead facts sufficient to show that (1) they belong to a protected class, (2) they were performing according to their employer's legitimate expectations, (3) they suffered an adverse employment action, and (4) there is a causal link between their status as protected class members and the adverse employment action. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998), *as amended* (Aug. 11, 1998); *see also McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973).  Where there is no direct evidence of discrimination (such as comments made revealing a discriminatory animus), as here, plaintiffs can show a causal link between their protected status and the adverse employment action by showing that other similarly situated non-protected employees were treated more favorably than the plaintiffs were.  *Godwin*, 150 F.3d at 1220.  In employment discrimination cases brought under the FEHA, employees are similarly situated to a plaintiff if they "perform similar work responsibilities or are guilty of similar misconduct."  *Day v. Sears Holdings Corp.*, 930 F. Supp. 2d 1146, 1162 (C.D. Cal. 2013).

Here, Plaintiffs fail to plead any facts that would establish a causal link between their protected status as women and what they allege to be adverse employment actions.  Instead, Plaintiffs merely make the conclusory allegation that "PLAINTIFFS' sex and/or gender were motivating factors in the unlawful treatment described herein."  These conclusions of law, however, are insufficient to survive a motion to dismiss.  *Pareto,* 139 F.3d at 699.  And while Plaintiffs argue

1   that Nelson was treated more favorably than they were because he received paid

2   leave during the course of the investigation, Plaintiffs do not allege that Nelson is

3   "similarly situated" to them in any way.  Nor could they.  Nelson is a pilot, not a

4   flight attendant like Plaintiffs and thus performs completely distinct work

5   responsibilities from Plaintiffs and his employment is governed by a separate

6   collective bargaining agreement.  As such, Plaintiffs fail to state a claim for sex or

7   gender-based discrimination because they fail to plead any causal link between their

8   sex and the alleged adverse employment actions taken against them.

9        For similar reasons, Plaintiffs' claims for disability discrimination should

10   also be dismissed.  To state a claim for disability discrimination under the FEHA, a

11   plaintiff must show that "(1) he suffers from a disability; (2) he is otherwise

12   qualified to do his job; and (3) he was subjected to [an] adverse employment action

13   because of his disability." *Faust v. Cal. Portland Cement Co.*, 150 Cal. App. 4th

14   864, 886 (2007); *see also Robinson v. HD Supply, Inc.*, No. 2:12-CV-00604-GEB,

15   2012 WL 5386293, at *5 (E.D. Cal. Nov. 1, 2012) (noting that, to survive a motion

16   to dismiss, a plaintiff must "offer sufficient circumstantial evidence to give rise to a

17   reasonable *inference* of discrimination" on the basis of the plaintiff's disability.)

18        Here, Plaintiffs do not plead *any* facts that would show they were subjected

19   to any alleged adverse employment actions because of their alleged disabilities.

20   Plaintiffs do not allege that anyone at American made any comments that would

21   suggest a discriminatory animus or even allege that they were treated differently

22   than other, non-disabled employees because of their alleged disabilities.  Plaintiffs

23   merely make the conclusory allegation that "PLAINTIFFS' disability and/or

24   medical condition were motivating factors in the COMPANY and DOES' actions

25   taken against PLAINTIFFS."  Once again, this allegation is a pure legal conclusion

26   that Plaintiffs cannot rely on to survive a motion to dismiss as to their disability

27   discrimination claims.  *Pareto*, 139 F.3d at 699.  Thus, Plaintiffs fail to state a claim

28   for disability discrimination under the FEHA.

G.    **Plaintiffs' Claims For Failure To Accommodate And Engage In The Interactive Process Fail As A Matter Of Law.**

Plaintiffs' claims against American and AAG for failure to accommodate their alleged disabilities and engage in the interactive process should also be dismissed.  To state a claim for failure to accommodate, Plaintiffs must show "(1) a FEHA recognized disability; (2) an ability to perform the essential functions of the job; and (3) employer failure to provide a reasonable accommodation for the disability."  *Kelly v. Wal Mart Stores, Inc.*, 291 F. Supp. 3d 1145, 1151 (S.D. Cal. 2017).  Offering unpaid leave to a disabled employee has been recognized as a form of accommodation that can satisfy the FEHA.  *See, e.g.*, *Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 263 (2000).

Even assuming for the sake of argument that Plaintiffs have shown that they have FEHA recognized disabilities and have the ability to perform the essential functions of the job (and they have not), Plaintiffs fail to state a claim for failure to accommodate because they allege only that Plaintiffs voluntarily took leave and that American has provided that leave.  (Compl. ¶¶ 29, 31.)  American's provision of leave to Plaintiffs until they are able to return to work satisfies the requirement to provide a reasonable accommodation.  *Id.*  While the complaint makes the conclusory statement that "DEFENDANTS did not reasonably accommodate PLAINTIFFS," there is no factual allegation related to that alleged failure. Plaintiffs' mere recitation of the elements of a claim for failure to accommodate under the FEHA is insufficient to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).

Plaintiffs also cannot state a claim for failure to engage in the interactive process because the Complaint establishes that Plaintiffs received an accommodation—they were both permitted to take a leave of absence and have their jobs held open during that time. *See Watkins v. Ameripride Servs.*, 375 F. 3d 821, 829, n.5 (9th Cir. 2004) ("The fact that Ameripride reasonably accommodated

RULE 12(B)(6) MOTION TO DISMISS
2:20-CV-07868 MFW (MRWX)

Watkins' disability forecloses his allegation that Ameripride failed to engage in the inter-active process."). Regardless, Plaintiffs have not adequately pled that they attempted to engage American in the interactive process and that American did not participate. *See* Gov. C. § 12940(n) (noting that an employer is obligated to engage in the interactive process "in response to a request for reasonable accommodation by an employee . . . ."). Mere recitations of the elements of the claim—i.e., stating that American failed to engage in the interactive process—is insufficient to survive a motion to dismiss. *Twombly*, 127 S. Ct. at 1964-65. Their claims for failure to accommodate and engage in the interactive process should be dismissed.

## H. **Plaintiffs Fail To State Claims For Retaliation**.

Plaintiffs also have not stated a claim for retaliation in violation of the FEHA or whistleblower retaliation under Labor Code §§ 1102.5 and 6310 as a matter of law because they fail to allege facts that show they were subjected to adverse employment actions *because* they engaged in protected activity. To state a claim for retaliation under either the FEHA or Labor Code §§ 1102.5 or 6310, Plaintiffs must show that they were subjected to adverse employment actions *because of* their alleged participation in protected activities. *See, e.g., Patten v. Grant Joint Union High School Dist.*, 134 Cal. App. 4th 1378, 1388 (2005) (noting that to make a prima facie case for a retaliation in violation of § 1102.5, the plaintiff must show a "causal link" between her protected activity and the adverse employment action); *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005) (noting same requirement for FEHA retaliation claims); *Oyarzo v. Tuolumne Fire Dist.*, 955 F. Supp. 2d 1038, 1097 (E.D. Cal. 2013) (noting same requirement for Labor Code § 6310 claims).

Here, Plaintiffs do not allege any facts that would show that Plaintiffs faced any adverse employment actions because of their participation in protected activities, and so their claims should be dismissed. With respect to their claims for whistleblower retaliation under Labor Code §§ 1102.5 and 6310, Plaintiffs plead

only that they "engaged in activity protected by the California Labor Code" and that "[i]n response, the COMPANY . . . retaliated against PLAINTIFFS by changing the terms and conditions of their employment."  (Compl. ¶¶ 129, 134.)  These allegations, however, are pure legal conclusions devoid of any facts that would support a causal link between Plaintiffs' engagement in protected activity and any adverse employment actions.  As such, they cannot allow Plaintiffs' claims for whistleblower retaliation to survive a motion to dismiss.  And with respect to their FEHA claim, Plaintiffs do not even provide *conclusory allegations* that they faced adverse employment actions because of their involvement in protected activities, let alone plead facts that would set out a causal link between their alleged protected activity and any retaliation.  As such, Plaintiffs fail to state a claim for retaliation under the FEHA or Labor Code §§ 1102.5 and 6310.

**I.     Plaintiffs Fail to State A Claim For Failure to Prevent/Investigate/Remedy Harassment, Discrimination and/or Retaliation (FEHA).**

To state a claim under the FEHA for failure to prevent, investigate, or remedy harassment, discrimination, and/or retaliation, a plaintiff must show: (1) the plaintiff was subjected to discrimination, harassment, or retaliation, (2) the defendant failed to take all reasonable steps to prevent, investigate, or remedy discrimination, harassment, or retaliation, and (3) this failure caused the plaintiff harm.  *Andrade v. Arby's Rest. Group, Inc.*, 225 F. Supp. 3d 1115, 1131 (N.D. Cal. 2016).  Absent harassment, discrimination, or retaliation, the employer cannot be liable.  *See Scotch v. Art Institute of Cal.*, 173 Cal. App. 4th 986, 1021 (2009); *Escriba v. Foster Poultry Farms*, 793 F. Supp. 2d 1147, 1165 (E.D. Cal. 2011).

As set forth above, Plaintiffs cannot state a claim for harassment on the basis of their alleged disabilities, discrimination on the basis of their sex or their alleged disabilities, or retaliation against any defendant.  As a result, their claims against American and AAG for failure to prevent, investigate, or remedy disability harassment, sex or disability-based discrimination, and retaliation have no basis and

1 must be dismissed as a matter of law. *Scotch*, 173 Cal. App. 4th at 1021.

2 Furthermore, as set forth above, Plaintiffs cannot state a claim for

3 American's or AAG's failure to prevent, investigate, or remedy the alleged

4 harassment of Plaintiffs by Nelson on the basis of sex because Plaintiffs'

5 allegations make clear that American *did* take reasonable steps to investigate and

6 remedy the alleged harassment by putting Nelson on a leave of absence during the

7 investigate and terminating Nelson's employment at the conclusion of the

8 investigation. (Compl. ¶¶ 32-38.) Thus, Plaintiffs' claims for failure to prevent,

9 investigate, or remedy harassment, discrimination and/or retaliation should be

10 dismissed for failure to state a claim. *Andrade*, 225 F. Supp. 3d at 1131.

11 **J.    Plaintiffs Fail To State Claims for IIED, NIED, And Negligent Retention/Supervision.**

12

13 **1.    Plaintiffs Fail to State IIED And NIED Claims.**

14 Plaintiffs fail to state claims for intentional infliction of emotional distress

15 ("IIED") and negligent infliction of emotional distress ("NIED") against American

16 or AAG because, under well-settled law, IIED and NIED claims cannot be

17 maintained against employers for taking personnel management-related actions or

18 other actions "within the context of the employment relationship." *See Schaffer v.*

19 *GTE, Inc.*, 40 F. App'x 552, 557-58 (9th Cir. 2002); *see also Cole v. Fair Oaks*

20 *Fire Protection Dist.*, 43 Cal. 3d 148, 160 (Cal. 1987). Instead, such claims are

21 "within the exclusive remedy provisions" of workers' compensation. *Schaffer*, 40

22 F. App'x at 557; *see also Dubose v. Excelsior Educ. Ctr.*, No. EDCV 10-0214 GAF

23 (OPx), 2010 WL 11556752, at *13 (C.D. Cal. Sept. 22, 2010) ("Dubose's negligent

24 supervision, NIED, and IIED claims implicate Excelsior's agents and

25 'supervisors['] . . . unlawful behavior,' and their actions in 'asserting their power

26 over' her . . . . [These] claims are barred by worker's compensation exclusivity.")

27 Here, Plaintiffs' allegations against American all constitute personnel

28 management-related actions that occurred within the context of the employment

21

1   relationship.  Plaintiffs allege that American "interfered with PLAINTIFFS'

2   medical benefits" (Compl. ¶ 40), called and/or wrote Plaintiffs to ask that they

3   return to work (*Id.* ¶¶ 39, 43), issued Plaintiffs write-ups and disciplinary points for

4   failing to appear at work (*Id.* ¶ 39), gave them unpaid leave (*Id.* ¶ 31), and did not

5   conduct its investigation in the precise manner that Plaintiffs contend it should

6   have.  (*Id.* ¶¶ 33-38).  All of these allegations are personnel management and/or

7   business decisions made in the course of the employment relationship.

8         The California Supreme Court confronted similar claims in *Cole* and found

9   that they came within the exclusive provisions of workers' compensation

10  exclusivity.  43 Cal. 3d at 159-60.  There, an employee claimed his employer

11  harassed him, issued unfair discipline to him, demoted him, and ultimately forced

12  him to return to duty from sick leave to work in an entry-level position at the

13  company.  *Id.* at 152-53.  The court held that, despite the alleged discriminatory

14  motive, the complained of actions were "a normal part of the employment

15  relationship, such as demotions, promotions, criticism of work practices, and

16  frictions in negotiations as to grievances."  *Id.* at 160.  There is no basis to conclude

17  that American's alleged "workplace-related misconduct differs in kind from the

18  *Cole* supervisor's alleged misdeeds, and thus, these . . . claims are barred by

19  worker's compensation exclusivity."  *Dubose*, 2010 WL 11556752, at *13.

20        There is also no basis to hold American or AAG vicariously liable for

21  another defendant's alleged IIED or NIED.  With respect to Binion and McMahan,

22  the conduct Plaintiffs complain of overlaps with their allegations against American

23  and constitutes personnel management decisions.  (*See* Compl. ¶¶ 41-43 (claiming

24  Binion interfered with Plaintiffs' medical benefits and sent them a disciplinary

25  letter); ¶ 31 (claiming McMahan offered and then retracted paid leave to Plaintiffs).

26  And as discussed, American cannot be vicariously liable for Nelson's conduct

27  because, as a matter of law, it was outside of the scope of his employment.  *See,*

28  *e.g., Lisa M.*, 12 Cal. 4th at 296.  As such, Plaintiffs' IIED and NIED claims against

RULE 12(B)(6) MOTION TO DISMISS
2:20-CV-07868 MFW (MRWX)

American and AAG should be dismissed.

### 2.    Plaintiffs' Negligent Retention/Supervision Claim Fails.

Plaintiffs' claim for negligent retention/supervision must be dismissed for the same reasons as their IIED and NIED claims—they are preempted by the Worker's Compensation statute.  *See Dubose*, 2010 WL 11556752, at *13.

Furthermore, even if Plaintiffs' negligent retention/supervision claim were not preempted (which it is), Plaintiffs have not alleged sufficient facts to state a claim for negligent retention/supervision.  Plaintiffs make conclusory statements that American "retained [Nelson] . . . with a conscious disregard of PLAINTIFFS' rights and safety" and "did not monitor his activities" and "fail[ed] to supervise" him, but these conclusions are unsupported by Plaintiffs' *factual allegations*, which are actually directly to the contrary.  Indeed, as Plaintiffs' allegations make clear, American investigated Nelson's conduct after receiving a complaint, placed Nelson on leave, and subsequently terminated Nelson's employment.  (Compl. ¶¶ 33-38.).  Plaintiffs also do not plead any facts that show American knew of past sexual harassment by Nelson that could have put it on notice of Nelson's likelihood to commit the alleged sexual harassment in the future.  Plaintiffs' conclusory allegations that American acted negligently, with nothing more, are insufficient to state a claim.  *See Pareto,* 139 F.3d at 699.

### K.    Failure To Reimburse Business Expenses.

Plaintiffs also fail to state a claim for failure to reimburse business expenses in violation of Labor Code § 2802 because none of the expenses Plaintiffs allegedly incurred are "necessary expenditures or losses incurred . . . in direct consequence of the discharge of [Plaintiffs'] duties."  Lab. Code § 2802(a).  Plaintiffs claim that they "incurred necessary business-related expenses and costs that were not reimbursed by the COMPANY, including, costs for mileage and parking to meet with the COMPANY's Human Resources representative" as a part of American's investigation into Nelson's misconduct.  (Compl. ¶ 158.)  Plaintiffs are not entitled

1    to recover either expense.

2           First, Plaintiffs are not entitled to recover parking expenses for their meeting

3    with Human Resources representatives at LAX because, as Plaintiffs allege, LAX is

4    Plaintiffs' "home base." (*See* Compl. ¶¶ 23, 35.)  Employers are not required to

5    reimburse their employees for parking expenses incurred as a part of an employee's

6    commute from home to the workplace, as it is not "necessary" for the employee to

7    park there.  *See, e.g.*, *Sullivan v. Kelly Servs., Inc.*, No. C 08–3893 CW, 2009 WL

8    3353300, at *7 (N.D. Cal. 2009) (finding an employee's travel time was not

9    compensable, just like regular commuting time, and therefore the mileage,

10   tolls, and parking costs incurred were not incurred within the scope of

11   employment).  Plaintiffs, of course, could have used any other means of accessing

12   the workplace, including carpooling, being dropped off, using public transportation

13   or ride-sharing services, etc.  For the same reasons, Plaintiffs are not entitled to

14   reimbursement for their vehicle mileage between their places of residence and their

15   home base, LAX.  *Id.*  Plaintiffs do not claim entitlement to reimbursement for any

16   other expenses.  As such, Plaintiffs fail to state a claim under Labor Code § 2802.

17           **L.**     **Plaintiffs Fail To State A Claim For Violation of Ralph Act.**

18           Lastly, Plaintiffs fail to state a claim against American or AAG for violation

19   of the Ralph Act.  To state a claim under the Ralph Act, the plaintiff must allege

20   that "(1) the defendant threatened or committed a violent act against the plaintiff,

21   (2) the plaintiff was harmed, (3) a substantial motivating reason for the defendant's

22   conduct was his perception that the plaintiff was a member of a protected group,

23   and (4) the defendant's conduct was a substantial factor in causing the plaintiff's

24   harm."  *Carr v. Cty. of San Diego*, No. 19-CV-1139 JLS (MDD), 2020 WL

25   1046874, at *7 (S.D. Cal. Mar. 4, 2020).  Plaintiffs allege that Nelson, as an

26   "agent" of American, committed acts of violence against Plaintiffs that were

27   substantially motivated by Plaintiffs' gender.  Plaintiffs do not plead that American

28   did anything to incite or aid Nelson in committing the alleged violence against

1    Plaintiffs; to the contrary, the Complaint shows that American investigated the

2    allegations against Nelson and terminated his employment.  (Compl. ¶¶ 32-38.)

3        For American to be liable for Nelson's conduct under the Ralph Act, the

4    conduct must be attributable to American under the doctrine of *respondeat*

5    *superior*.  *See Hernandez v. City of San Jose*, No. 16-CV-03957-LHK, 2016 WL

6    5944095, at *11 (N.D. Cal. 2016) (granting motion to dismiss Ralph Act claim

7    against City stemming from employee's alleged violent conduct and noting that the

8    City could only be liable if either it committed the violence against the plaintiff, or

9    one of its agent's conduct was attributable to it); *cf. Beliveau v. Caras*, 873 F. Supp.

10   1393, 1399 (C.D. Cal. 1995) (noting that public entities may be responsible for

11   their agent's violations of the Ralph Act under a *respondeat superior* theory).

12       As detailed above, Nelson's sexual misconduct cannot be attributed to

13   American because it was outside the scope of Nelson's employment and American

14   did not ratify it.  *See, e.g.*, *Doe*, 35 F. Supp. 3d at 1204-05.  As such, American and

15   AAG cannot be held liable under the doctrine of *respondeat superior* for any

16   violent acts by Nelson against Plaintiffs.  *See Hernandez*, 2016 WL 5944095, at

17   *11.  Thus, Plaintiffs also fail to state claims for violation of the Ralph Act.

18   **IV.    CONCLUSION.**

19       For these reasons, American and AAG respectfully request that their Motion

20   be granted, and that this Court dismiss all of Plaintiffs' claims against them.

21

22       Dated:  September 3, 2020.          MARK W. ROBERTSON
                                             KELLY WOOD
23                                           O'MELVENY & MYERS LLP

24                                           By:      */s/ Kelly Wood*
                                             _____
25                                                   Kelly Wood
                                             Attorneys for Defendants American
26                                           Airlines Group Inc., American Airlines,
                                             Inc., and Tim McMahan

27

28