UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV 20-7868-MWF (MRWx)          **Date:** November 10, 2020
**Title:** Janette Beckman et al v. American Airlines Group Inc. et al

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                         Court Reporter:
Rita Sanchez                           Not Reported

Attorneys Present for Plaintiff:        Attorneys Present for Defendant:
None Present                           None Present

**Proceedings (In Chambers):**    ORDER GRANTING MOTION TO REMAND CASE TO LOS ANGELES COUNTY SUPERIOR COURT [12]

     Before the Court is Plaintiffs Janette Beckman and LeeAnne Hansen's Motion to Remand Case to Los Angeles County Superior Court (the "Motion"), filed on September 28, 2020. (Docket No. 12). Defendants American Airlines Group Inc. and American Airlines, Inc. (collectively "American Airlines") filed an opposition on October 9, 2020. (Docket No. 16). Plaintiff filed a reply on October 19, 2020. (Docket No. 17).

     The Court has read and considered the papers filed in connection with the motions and held a telephonic hearing on November 2, 2020, pursuant to General Order 20-09 arising from the COVID-19 pandemic.

     For the reasons discussed below, the Remand Motion is **GRANTED**. Defendants have failed to satisfy the heavy burden of showing that Tim McMahan was fraudulently joined. However, the Court declines to award Plaintiffs attorneys' fees because removal was not incorrect as a matter of law. *See Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 864 (9th Cir. 2003) ("A court may award attorney fees when removal is wrong as a matter of law.").

     Plaintiffs' evidentiary objections to the declarations attached to Defendants' Opposition are **OVERRULED**. (*See* Plaintiffs' Evidentiary Objections (Docket Nos. 18-20)). Many of the objections are garden variety evidentiary objections based on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-7868-MWF (MRWx)          Date: November 10, 2020

Title: Janette Beckman et al v. American Airlines Group Inc. et al

lack of foundation, lack of personal knowledge, and hearsay. While these objections may be cognizable at trial, on a motion to remand, the Court is concerned only with whether extrinsic evidence identifies any discrete and undisputed fact that would preclude Plaintiffs' recovery as a matter of law. *Hunter v. Phillip Morris USA*, 582 F.3d 1029, 1044 (9th Cir. 2009) ("a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant").

The request for attorneys' fees is **DENIED**.

I. **BACKGROUND**

On July 2, 2020, Plaintiffs commenced this action against Defendants in the Los Angeles County Superior Court. (Notice of Removal ("NoR"), Ex. B ("Complaint") (Docket No. 1)). Defendants filed the NoR on August 27, 2020, seeking to establish diversity jurisdiction and alleging that McMahan was fraudulently joined in the action. (*Id.*).

The Complaint alleges, in pertinent part:

Plaintiffs are female flights attendants residing in California. (*Id.* ¶¶ 8, 21, 22). Plaintiffs were sexually harassed during their employment with American Airlines. (*Id.* ¶ 22). They each filed a formal complaint with American Airlines Human Resources Department against American Airlines pilot Sigsbee Nelson, detailing sexual harassment, assault, battery, and suspected drinking of alcohol on the job. (*Id.* ¶ 31).

McMahan is a flight service director residing in California. (*Id.* ¶ 16). McMahan contributed to Plaintiffs' harassment by initially offering Plaintiffs a "PW, Withheld from Service, Paid" (paid leave) until American and AAG completed their sexual harassment investigation, which he knew would last several months. (*Id.* ¶ 31) (emphasis added). However, acting outside the usual bounds of the employment relationship and established company policy, McMahan retracted the guaranteed paid leave just days later, leaving Plaintiffs on unpaid leaves of absence indefinitely. (*Id.*).

**CIVIL MINUTES—GENERAL**          2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-7868-MWF (MRWx)          Date: November 10, 2020

Title: Janette Beckman et al v. American Airlines Group Inc. et al

Nelson was allowed to exercise the option of "PW, Withheld from Service, Paid" without retraction, and was therefore treated more favorably than Plaintiffs in furtherance of a hostile work environment. (*Id.* ¶ 32). Nelson and McMahan intentionally engaged in harassment, including creating a hostile work environment, on the basis of Plaintiffs' sex and/or gender, in violation of California law. (*Id.* ¶¶ 66).

The Complaint asserts several causes of action against McMahan for: (1) harassment on the basis of sex/gender under the Fair Employment Housing Act ("FEHA"); (2) harassment on the basis of disability under FEHA; (3) intentional infliction of emotional distress ("IIED"); and (4) negligent infliction of emotional distress ("NIED"). (*See generally* Complaint).

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996).

An exception to the complete-diversity rule recognized by the Ninth Circuit "'is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter*, 582 F.3d at 1042 (quoting *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001)). The joinder is considered fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state . . . ." *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). A removing defendant must "prove that individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *accord Reynolds v. The Boeing Co.*, CV-2846-SVW-(ASx), 2015 WL 4573009, at *2 (C.D. Cal. July 28, 2015) ("To prove fraudulent joinder, the removing defendant must show that ***settled*** law ***obviously*** precludes the liability against the nondiverse defendant.") (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-7868-MWF (MRWx)            Date: November 10, 2020

Title: Janette Beckman et al v. American Airlines Group Inc. et al

    Because a defendant faces a heavy burden in establishing that removal is appropriate, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998)). "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[,] the court must remand." *Id.*; *see also Good*, 5 F. Supp. 2d at 807 ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

### III. DISCUSSION

    Defendants argue that Plaintiffs cannot possibly state a claim for harassment against McMahan for retracting the offer of paid leave primarily because: (1) Hansen was offered paid leave, and (2) McMahan did not decide the pay status of Plaintiffs' paid leave. (*See* Opposition at 10-16). Defendants reiterated these arguments at the hearing.

    As a preliminary matter, the court notes that Defendants' arguments rely on extrinsic evidence, specifically, the Declarations of Marilyn Flores, Jeanette Gibbs, and Tim McMahan. These Declarations are partially contested by the Declaration of Plaintiff LeeAnne Hansen. (*See* Declaration of LeeAnne Hansen ("Hansen Decl.") (Docket No. 17-1)) (stating that Hansen never rejected paid leave).

    On a motion for remand where the non-removing party alleges fraudulent joinder, a district court's authority to review evidence beyond the pleadings is limited to "discrete and undisputed facts" that would preclude recovery against non-diverse defendants. *See Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1031 (C.D. Cal. 2016) (citing *Hunter*, 582 F.3d at 1044; *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1213, 1319 (9th Cir. 1998)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-7868-MWF (MRWx)           Date: November 10, 2020

Title: Janette Beckman et al v. American Airlines Group Inc. et al

     The Court is not persuaded by Defendants' declarations that Plaintiffs cannot possibly state a claim for harassment because the declarations fail to identify any ***discrete and undisputed*** fact that would preclude Plaintiffs' recovery as a matter of law. *Hunter*, 582 F.3d 1029, 1044 (9th Cir. 2009) ("a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant"); *id.* at 1046 ("We have declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry in the merits of plaintiff's case, even if that defense, if successful, would prove fatal.").

     Defendants also argue that McMahan's conduct constitutes personnel management-related activity and therefore cannot support Plaintiffs harassment, IIED, or NIED claims as a matter of law. (*See* Opposition at 14-19) (citing *Reno v. Baird*, 18 Cal. 4th 640, 646, 76 Cal. Rptr. 2d 499 (1998) ("[m]aking a personnel decision is conduct of a type fundamentally different from the type of conduct that constitutes harassment."); *Schaffer v. GTE, Inc.*, 40 F. App'x 552, 557-58 (9th Cir. 2002) ("claims for negligent and intentional infliction of emotional distress made within the context of the employment relationship are within the exclusive remedy provisions of the California Workers Compensation Act")). Defendants reiterated these arguments at the hearing.

     Under California law, harassment consists of a type of conduct "not necessary for performance of a supervisory job" and "outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 63, 53 Cal. Rptr. 2d 741 (1996).

     Plaintiffs allege that McMahan was "acting outside the usual bounds of the employment relationship" and "company policy," when he "retracted the guaranteed paid leave," leaving Plaintiffs on "indefinite unpaid leaves of absence pending [American Airlines] investigation, which he knew would last several months." (Complaint ¶ 31).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-7868-MWF (MRWx)            Date: November 10, 2020

Title: Janette Beckman et al v. American Airlines Group Inc. et al

      Assuming without deciding that the Complaint fails to state a cause of action for harassment, IIED, or NIED, the Court determines that remand is proper because is it possible for Plaintiffs to cure the potential deficiencies in at least one of their claims by adding additional allegations. *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency.") (citation and internal alterations omitted). For example, Plaintiffs could add an allegation that McMahan made a derogatory comment based on the Plaintiffs sex/gender or disability. Such an allegation would likely be sufficient to state a harassment claim under FEHA. *See* Cal. Gov. Code § 12940(j) (making it illegal for employers to harass employees on the basis of "physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, [or] sexual orientation.").

      Alternatively, Plaintiffs could state a claim for retaliation under FEHA by adding an allegation that McMahan was delegated the authority to make the paid leave determination and chose to deny paid leave in retaliation for Plaintiffs' complaints against Sigsbee. *See Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1035, 32 Cal. Rptr. 3d 436 (2005) (explaining that California Government Code section 12940(h) "forbids employers from retaliating against employees who have acted to protect the rights afforded by the California Fair Employment and Housing Act").

      Therefore, in light of the "strong presumption against removal jurisdiction," the Court determines that Defendants have failed to meet their burden of establishing that McMahan was fraudulently joined. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

      Accordingly, the Motion is **GRANTED**.

      Although Plaintiffs have prevailed on the motion, Plaintiffs' request for attorneys' fees is **DENIED.** Defendants stated a plausible argument in favor of removal, even if the extremely high standard for finding fraudulent joinder ultimately dictates remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-7868-MWF (MRWx)            **Date:** November 10, 2020

Title: Janette Beckman et al v. American Airlines Group Inc. et al

IT IS SO ORDERED.